NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois  60604**

Argued February 13, 2007
Decided June 27, 2007

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 06-2472

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* <br><br>    *v.* <br><br> DANIELLE  M. FLORY, <br> *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. <br><br> No. 05 CR 63 <br><br> Allen Sharp, <br> *Judge.* |

**O R D E R**

A jury convicted Danielle Flory of knowingly making and furnishing a false and fictitious written statement in connection with the acquisition of a firearm, in violation of 18 U.S.C. § 922(a)(6).  The district court sentenced her to 12 months' and 1 day imprisonment.  Flory now challenges her sentence.  We affirm.

On December 16, 2004, Flory purchased a .45 caliber handgun at the Midwest Gun Exchange in Mishawaka, Indiana.  On the ATF form, she represented that she was purchasing the firearm for herself when she was actually purchasing it for her boyfriend, Collin Rakowski.  An off-duty South Bend police officer was alerted to the straw gun purchase when he saw Rakowski pick up the gun and heard him remark to another customer in the store, "This is the one; she's going to buy it because I can't."

The next day, Flory agreed to be interviewed by Task Force agents. During the interview, Flory struggled to identify the gun she had just purchased despite her assertion that she "love[s] guns." She admitted that she purchased three other handguns earlier in the year, but she also failed to describe the make, model, and caliber of these handguns. She initially claimed that two of these handguns had been stolen and the third one was in the basement of her mother's house. When pressed, Flory admitted that the third gun was not in her mother's basement and that her boyfriend had been arrested in August 2004 while possessing the handgun.

At trial, Flory denied her guilt, testifying that she had purchased the .45 caliber handgun for herself and not her boyfriend. The jury rejected her claims and found her guilty. She timely filed this appeal challenging her sentence.

Flory asserts that the district court did not appreciate its discretion under 18 U.S.C. § 3553(a). In the post-*Booker* era, we continue to review the district court's application of the Sentencing Guidelines *de novo* and its factual findings for clear error. *United States v. Bothun*, 424 F.3d 582, 586 (7th Cir. 2005). We review all sentences for reasonableness in light of the factors specified in 18 U.S.C. § 3553(a).

At sentencing, the district court stated, "I don't want to send the defendant to prison, but I am compelled to do so, I believe, by the Guidelines." However, in its sentencing memorandum, the district court also explicitly recognized its discretion to vary from the Guideline range and, in fact, imposed a sentence below the applicable Guideline range.

Although some of the district court's remarks at sentencing were vague, other remarks indicate that the district court understood its discretion to sentence outside the applicable Guideline range. The district specifically explained that it was sentencing Flory based on its consideration of the sentencing criteria of Section 3553(a) and that the Guidelines are "now non-mandatory." We therefore find that the district court did not err in sentencing Flory.

For the foregoing reasons, we AFFIRM the district court.